IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRUCE McCREE, #01695-424,         )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   CIVIL NO. 10-575-MJR
                                  )
LT. GRISSOM, *et al.*,            )
                                  )
            Defendants.           )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Bruce McCree, an inmate in the Greenville Federal Correctional Institution, brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff claims that while he was held in the Special Housing Unit from December 24, 2009, until April 23, 2010, his access to the law library was limited by lack of training on how to use the new Lexis/Nexis research system, and unavailability of the Lexis/Nexis instruction manual on some occasions. Because of his unfamiliarity with this computer system, he requested to use the regular law library; at times his request was granted, but other times he was denied. Plaintiff needed access to legal materials in order to pursue another pending case in this Court, *McCree v. Sherrod*, 09-cv-601-DRH, which is now on appeal to the Seventh Circuit under case number 10-1642. Petitioner claims that the Defendants' refusal to allow him to use the law

library caused him to be unable to respond to "many court request[s]" in that pending case, resulting in this Court's dismissal of the action. He states, however, that the Court of Appeals recalled its mandate to this Court based on documents filed by the Plaintiff.

Plaintiff seeks a jury trial, and damages in the amount of $3,000 from each of the eight defendants, plus costs.

**Discussion**

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868.

A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall*, 445 F.3d at 968. Here, Plaintiff has

alleged that he was unable to effectively use the Lexis/Nexis computer program in order to prepare his legal papers, because prison staff never trained him to use it, and because the instruction manual was sometimes unavailable. In addition, he was not always allowed to use the regular library. He thus has alleged at least a partial denial of access to legal materials. However, to meet the second prong of the test, he must allege some resulting detriment to his ability to pursue his pending litigation.

Plaintiff claims that his previously filed case in this Court, No. 09-cv-601-DRH, was dismissed with prejudice because he was unable to respond to court requests, and missed filings and motions. However, the record in that case (alleging prison overcrowding) shows that it was dismissed on March 5, 2010, upon preliminary review, for failure to state a claim upon which relief may be granted, not for any failure of the Plaintiff to file documents in a timely manner. (*McCree v. Sherrod*, 09-cv-601-DRH, Doc. 5) Plaintiff further alleges that his ability to pursue his appeal of this Court's dismissal of that claim was impaired by his lack of access to library materials. However, Plaintiff goes on to state that he successfully filed documents that resulted in a recall of the mandate issued on June 16, 2010, by the Court of Appeals, Seventh Circuit, that would have ended his appeal. Plaintiff's complaint also states that the impediments to his ability to access the library ended on April 23, 2010, well before the appellate court issued the later-recalled mandate. Thus, on the face of Plaintiff's complaint, he has failed to show any prejudice to his ability to prosecute either his prior case in this Court, or his appeal. Plaintiff's complaint must therefore be dismissed for failure to state a claim upon which relief may be granted.

**Pending Motions**

Plaintiff's Motion for Summary Judgment (Doc. 4), filed on December 13, 2010, is

**DENIED AS MOOT.**

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state any claim upon which relief may be granted, and thus is **DISMISSED** without prejudice. Defendants **Grissom, Garcia, Reese, McNealy, Kirby, Seeley, Todd** and **Brooks** are **DISMISSED** from this action without prejudice. Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** 3/2/2011

                                                  s/ Michael J. Reagan
                                                  **U.S. District Judge**